UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYBI ANDERSON MEMBRENO BENITEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-04168-SB-AS<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner Anderson Membreno Benitez, a citizen of Honduras, is currently detained at the Adelanto ICE Processing Center. On July 24, 2026, he filed a petition for a writ of habeas corpus seeking either immediate release or a custody hearing. The Court denies the petition.

I.

Petitioner entered the United States as an unaccompanied minor in 2021 and was released by the Office of Refugee Resettlement (ORR) after being detained for a brief duration. Dkt. No. 1 at 2 of 58. He has remained in the country for the past five years. *Id.* On May 21, 2026, state police arrested Petitioner for burglary, conspiracy, and receiving known stolen property. Dkt. No. 9 at 2 of 4; Dkt. No. 1 at 9 of 58. Immigration officials learned of Petitioner's arrest and detained him that same day. Dkt. No. 9-1 at 5 of 6.

On July 24, 2026, Petitioner filed a petition for a writ of habeas corpus, arguing that the government violated the Fifth Amendment by detaining him. He seeks an order requiring his immediate release from custody or, alternatively, a bond hearing.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

Petitioner contends that his five years of liberty after his release from custody created a protected liberty interest and that due process required notice and an individualized hearing before the government could re-detain him. The government maintains that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), a provision added by the Laken Riley Act that requires detention of certain inadmissible noncitizens who have been arrested for or charged with specified offenses, including burglary. Petitioner does not dispute for purposes of this petition that the provision applies to him. Dkt. No. 10 at 2 (noting that the petition assumes that "Respondents may ultimately establish that the Laken Riley Act authorizes Petitioner's mandatory detention"). He instead contends that the government's reliance on § 1226(c)(1)(E) answers only the statutory question whether his detention is authorized and does not satisfy the Fifth Amendment's "independent procedural requirements." Dkt. No. 10 at 14.

Petitioner's argument misunderstands the function of procedural due process. Procedural protections do not exist apart from the liberty interest they protect. Rather, they protect against the mistaken or unjustified deprivation of that interest. *Carey v. Piphus*, 435 U.S. 247, 259 (1978). What process is due therefore depends on the substantive interest at stake and the determinations on which its deprivation turns. *See id.; see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (considering the "risk of an erroneous deprivation" and the "probable value" of additional safeguards). That principle is dispositive here. Because Petitioner accepts that § 1226(c)(1)(E) mandates his detention regardless of dangerousness or flight risk, a hearing on those issues could not protect against an erroneous deprivation of his liberty. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *5–6 (9th Cir. July 30, 2026) (explaining that a noncitizen subject to § 1226(c)(1)(E) is mandatorily detained and ineligible for release under § 1226(a)). In arguing otherwise, Petitioner mistakes procedural protection for a substantive right. Indeed, although Petitioner correctly faults the government for focusing on substantive due process, his own argument rests on the premise that his prior release gave him a substantive right to remain at liberty notwithstanding a statute that mandates his detention. "This is just [a] 'substantive

due process' argument recast in 'procedural due process' terms . . . ." *Reno v. Flores*, 507 U.S. 292, 308 (1993).

*Morrissey v. Brewer*, 408 U.S. 471 (1972), illustrates how the substantive interest defines the process needed to protect it.[1] There, the substantive interest was the parolee's conditional right to remain free so long as he complied with the conditions of parole. *Id*. at 482. Because a parole violation determines whether that liberty may be revoked, a hearing protects against an erroneous deprivation by testing whether a violation occurred. *Id*. at 484–87. Even then, however, *Morrissey* did not require a hearing before the parolee was taken into custody; it permitted arrest followed by a prompt preliminary hearing. *Id*. at 485–87. Here, dangerousness and flight risk do not determine whether Petitioner may remain free. Because § 1226(c)(1)(E) mandates his detention regardless of either consideration, a hearing on those issues would serve no comparable purpose.

Accordingly, the petition is denied. A separate judgment will issue.

Date: August 25, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[1] The Court does not assume, but need not decide, that Petitioner's interest in continued liberty is comparable to the interest recognized in *Morrissey* or that he has a similar substantive entitlement to remain free.